```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

JOHN B. DEMPSEY,
      Petitioner
                                      C.A. No. 10-12044-PBS
      v.

CLERK, SUPREME JUDICIAL COURT,
      Respondent.

<u>MEMORANDUM AND ORDER</u>
December 15, 2010

SARIS, D.J.

## I. Introduction

On November 26, 2010, petitioner John B. Dempsey ("Dempsey"), a resident of Somerville, Massachusetts, filed a self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1).[1] The petition is disjointed and unintelligible. From what can be culled out from the pleadings and from other public records, it appears that Dempsey seeks to challenge, by way of a § 2254 habeas petition, a state court decision denying his petition to seal criminal records in connection with his criminal conviction on August 24, 1983 in Suffolk County (for which he received a 20 year sentence of imprisonment (concurrent)), and in connection with other criminal cases in the Boston Municipal Court, and the Boston District Court.[2]

---

[1] On November 30, 2010, Dempsey paid the $5.00 filing fee for a habeas petition.

[2] Dempsey does not clearly outline the criminal charges, but lists the state court docket numbers under which he was convicted. In describing the criminal cases, his petition simply

Dempsey asserts that his criminal sentences expired in March 1994, and, pursuant to the law providing for sealed records 15 years after completion of sentence, he filed a petition for sealed records in March 2009. See Mass. Gen. Laws ch. 276, § 100A.³ He alleges that the Superior Court judge violated his

---

lists a host of alleged due process and other violations (*e.g.*, his lawyer failed to call witnesses and failed to file defense motions; he was coerced into pleading guilty as a minor; his lawyer gave a speech indicating that Dempsey had a mental defect; and his step-family had him arrested at work for a non-criminal violation, without a warrant). In his Motion for Summary Judgment (Docket No. 4), Dempsey indicates he was arrested in 1983 for Central Bank robbery in Boston, Massachusetts. Further, the attached printout of his criminal record indicates charges of assault and battery and robbery.

³Section 1006A (Requests to seal files; conditions; application of section; effect of sealing of records), provides, in relevant part:

> Any person having a record of criminal court appearances and dispositions in the commonwealth on file with the office of the commissioner of probation may, on a form furnished by the commissioner and signed under the penalties of perjury, request that the commissioner seal such file. The commissioner shall comply with such request provided (1) that said person's court appearance and court disposition records, including termination of court supervision, probation or sentence for any misdemeanor occurred not less than ten years prior to said request; (2) that said person's court appearance and court disposition records, including termination of court supervision, probation or sentence for any felony occurred not less than fifteen years prior to said request; (3) that said person had not been found guilty of any criminal offense within the commonwealth in the ten years preceding such request, except motor vehicle offenses in which the penalty does not exceed a fine of fifty dollars; (4) said form includes a statement by the petitioner that he has not been convicted of any criminal offense in any other state, United States

2

rights by denying his petition.  Dempsey petitioned the Supreme Judicial Court ("SJC") pursuant to Mass. Gen. Laws ch. 211, § 3, to appeal the judgment denying his request.  See Dempsey v. Clerk of Superior Court for Criminal Business in Suffolk County, et al., 454 Mass. 1017 (2009).  In the SJC case, the Court noted that a single justice had denied Dempsey's request to seal records because "the statute governing the matter did not authorize the court to seal criminal records where the defendant has been convicted or where a charged has been placed on file." Id. at 1017-18 citing Mass. Gen. Laws ch. 276, § 100C.[4]  The

> possession or in a court of federal jurisdiction, except such motor vehicle offenses, as aforesaid, and has not been imprisoned in any state or county within the preceding ten years; and (5) said person's record does not include convictions of offenses other than those to which this section applies.  This section shall apply to court appearances and dispositions of all offenses provided, however, that this section shall not apply in case of convictions for violations of sections one hundred and twenty-one to one hundred and thirty-one H, inclusive, of chapter one hundred and forty or for violations of chapter two hundred and sixty-eight or chapter two hundred and sixty-eight A.

Mass. Gen. Laws ch. 276, § 100A.

[4]Section 100C (Sealing of records or files in certain criminal cases; effect upon employment reports; enforcement) provides, in relevant part:

> In any criminal case wherein the defendant has been found not guilty by the court or jury, or a no bill has been returned by the grand jury, or a finding of no probable cause has been made by the court, the commissioner of probation shall seal said court appearance and disposition recorded in his files and the clerk and the probation officers of the courts in

single justice also noted that <u>the request needed to be made to the Commissioner of Probation rather than to the court</u>.  Id. at 1018.  The SJC affirmed the decision of the single justice because Dempsey had not shown that he could not have obtained adequate appellate review (by appealing the Superior Court judge's decision).  Further, while expressing no opinion in the matter, the SJC noted, as did the single justice, that Dempsey <u>may</u> be entitled to have certain records sealed pursuant to § 100A, but he must make that request to the Commissioner of Probation.  Id.

On November 29, 2010, this Court issued an Order (Docket No. 2) directing service of the habeas petition on the respondent, and for a response within 21 days.  The same day, Dempsey filed a Motion for Appointment of Counsel (Docket No. 3), in which he seeks appointment of counsel pursuant to the Criminal Justice

---

> which the proceedings occurred or were initiated shall likewise seal the records of the proceedings in their files.  The provisions of this paragraph shall not apply if the defendant makes a written request to the commissioner not to seal the records of the proceedings.
>
> In any criminal case wherein a nolle prosequi has been entered, or a dismissal has been entered by the court, except in cases in which an order of probation has been terminated, and it appears to the court that substantial justice would best be served, the court shall direct the clerk to seal the records of the proceedings in his files.

Mass. Gen. Laws ch. 276, § 100C.

4

Act, 18 U.S.C. § 3006A, and specifically, seeks the appointment of Attorney Robert Sheketoff or some other qualified counsel. The basis for the request is unclear, but Dempsey again asserts that the state judge failed to comply with the law regarding the sealing of records. He also makes unintelligible arguments regarding the actions of parole officers in fabricating charges against him. Further, he asserts that the Superior Court Judge directed his clerks to decline to file a Notice of Appeal in connection with the matters before the SJC.

In addition to the motion for appointment of counsel, Dempsey filed a Motion for Summary Judgment (Docket No. 4). That motion is also incoherent, but it appears that he seeks a judgment directing the sealing of his state criminal records. He attaches the SJC opinion in support.

On December 1, 2010, Dempsey filed a Motion to Change Name of Respondent, to John J. O'Brien, Commissioner of the Department of Probation (Docket No. 5), as he is the keeper of the criminal records.

## II.  Discussion

A.  <u>The Motion for Appointment of Counsel</u>

Title 18 U.S.C. § 3006A(2)(B) authorizes the appointment of counsel for an indigent party in cases seeking relief under 28 U.S.C. § 2241, § 2254, or § 2255.  Funds for representation are payable as prescribed in Criminal Justice Act.  Appointment of

counsel may be provided if the Court determines the "interests of justice so require." 18 U.S.C. § 3006A(2)(B). The decision to appoint counsel is discretionary, and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel. <u>Dellenbach v. Hanks</u>, 76 F.3d 820, 823 (7th Cir. 1996), <u>cert. denied</u>, 519 U.S. 894 (1996); <u>Jackson v. Coalter</u>, 337 F.3d 74 (1st Cir. 2003)(state prisoner had no right to counsel to collaterally attack sentence).

Here, Dempsey has paid the $5.00 filing fee for habeas petitions, and has not provided any financial information from which this Court could find him to be indigent and unable to retain private counsel to pursue this matter. Even assuming that Dempsey is indigent for these purposes, he fails to demonstrate that it would be in the interest of justice to appoint counsel under 18 U.S.C. § 3006A, insofar as the merits of this case, brought as a habeas petition, are dubious, for the reasons set forth herein.

First, it does not appear that Dempsey actually is seeking release from any detention or confinement (*i.e.*, habeas-type relief), as he appears to be living in Somerville, Massachusetts, and currently is not "in custody." Second, it appears that his criminal sentences have expired, and thus habeas relief under § 2254 is not authorized, and this petition is subject to

dismissal.[5]

Further, to the extent that he is seeking <u>non-habeas</u> relief (such as mandamus relief through an Order compelling a state court or a state officer (such as the Commissioner of Probation) to act), this Court lacks jurisdiction to do so.[6] Finally, to

---

[5]Under 28 U.S.C. § 2254, district courts may entertain an application for habeas corpus from a petitioner who is "<u>in custody pursuant to the judgment of a state court</u> only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). See <u>Duncan v. Walker</u>, 533 U.S. 167, 177 (2001). The "in custody" language of § 2254 requires that a habeas petitioner be "in custody" under the conviction or sentence under attack <u>at the time petition is filed</u>. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-491 (1989). This "in custody" requirement is jurisdictional. <u>Id</u>. at 490-91. A petitioner is <u>not</u> "in custody" for purposes of establishing jurisdiction for federal post-conviction relief when he seeks to challenge a sentence that has fully expired at the time the petition is filed, even if the expired conviction has been used to enhance a sentence imposed under a subsequent conviction. See <u>Lackawanna County Dist. Attorney. v. Coss</u>, 532 U.S. 394, 403-404 (2001). Here, there are no facts asserted by Dempsey from which this Court could reasonably infer that his release from custody is a *bona fide* issue for § 2254 purposes.

[6]Section 1361 of Title 28 governs the original jurisdiction of the district court of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. This applies to <u>federal</u> officers, employees or agencies, but does not apply to a <u>state</u> court judge or clerk. See <u>Burnett v. Superior Court of Marin County,</u> 573 F. Supp. 345 (N.D. Cal. 1983) (district court lacks jurisdiction to compel state court to perform its alleged duty). Similarly, this Court lacks jurisdiction under 28 U.S.C. § 1651, to compel a state judicial officer to act. Section 1651 provides authority to the Supreme Court and all courts established by an Act of Congress to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Section 1651 is not available in this case because a federal district court cannot, by writ of mandamus,

7

the extent that Dempsey seeks to have this Court review the judgment of the SJC affirming the single justice's denial of his request to seal records under Massachusetts law, this Court may not review that judgment, pursuant to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. See Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994); Exxon Mobil Corp. v. Saudi Basic Industries Corp., Inc., 544 U.S. 280 (2005)(doctrine applies to cases by state court losers seeking review and rejection of state court judgments rendered prior to commencement of federal suit). Here, Dempsey's request for relief from the state court denial of his request to

---

direct a state court or judicial officer to perform an official act. See In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (petition for writ of mandamus filed under § 1651 denied; federal court cannot control or interfere with state court litigation by way of mandamus); See also Offutt v. Kaplan, 884 F. Supp. 1179, 1183, 1187-88 (N.D. Ill. 1995) (federal action brought under § 1651 and § 1983 against presiding judge in state custody proceedings dismissed on ground that a federal district court has no jurisdiction to review state judicial proceedings; citing, *inter alia*, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)).

seal records falls within the purview of the doctrine.

In short, for all the reasons set forth above, this Court cannot find that it is in the interest of justice to appoint counsel for Dempsey. Moreover this Court lacks authority to appoint counsel pursuant to 18 U.S.C. § 3006A since this action, although styled as a habeas petition under § 2254, is not actually a habeas petition.

Accordingly, Dempsey's Motion for Appointment of Counsel (Docket No. 3) is <u>DENIED</u>.

B.  <u>The Motion for Summary Judgment</u>

For the reasons set forth above, this Court finds that this action is subject to dismissal and therefore summary judgment is not warranted. Accordingly, Dempsey's Motion for Summary Judgment (Docket No. 4) is <u>DENIED</u>.

C.  <u>The Motion to Change Name of Respondent</u>

For the reasons set forth above, Dempsey's request to change the name of the respondent is construed as, essentially, a concession that his claim is one to challenge the non-sealing of criminal records rather than an action that is habeas in nature.

Accordingly, his Motion to Change Name of Respondent (Docket No. 5) is <u>DENIED</u> without prejudice, as the Commissioner of the Department of Probation is not a proper party to this action, again, filed as a habeas petition.

Should Dempsey seek to file a non-habeas civil action

9

against the Commissioner of the Department of Probation, he must file a separate civil Complaint, and pay the $350.00 filing fee or seek a waiver thereof.  Further, any Complaint must comport with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, setting forth plausible claims upon which relief may be granted.  Additionally, Dempsey must also set forth the subject matter jurisdiction of this Court over his claim regarding the sealing of criminal records, inasmuch as the mere assertion of violation of state law regarding the sealing or non-sealing of records does not, standing alone, set forth a basis for this Court's jurisdiction.  Finally, Dempsey must set forth sufficient facts indicating that he has no adequate state remedy to obtain the relief sought (in other words, that he has already exhausted a request to the Commissioner of Probation for sealing of records pursuant to state law, or that he is somehow prevented from doing so).

D.   Response by the Respondent

Because a Service Order has issued previously, this Court will not dismiss this action *sua sponte*, but will require the Respondent to file an Answer or other responsive pleading.  The Court requests that in any response, the respondent detail the chronology of events regarding Dempsey's request for the sealing of his criminal records, as well as any state remedies that Dempsey still has available at this time to request the sealing

of his records.[7]

### III. Conclusion

Based on the foregoing, it is hereby Ordered that:

1. Petitioner's Motion for Appointment of Counsel (Docket No. 3) is <u>DENIED</u>;

2. Petitioner's Motion for Summary Judgment (Docket No. 4) is <u>DENIED</u>;

3. Petitioner's Motion to Amend Name of Respondent (Docket No. 5) is <u>DENIED</u>; and

4. By February 16, 2011, the respondent shall file an Answer or other responsive pleading that includes information concerning available remedies for petitioner to request the sealing of his criminal records.


SO ORDERED.

/s/ Patti B. Saris
UNITED STATES DISTRICT JUDGE

---

[7] If Dempsey may make a request to the Probation Department for the sealing of his records, the Court requests the respondent include the name of the person and address to whom such request should be made, as well as any forms available for him to make the request.